## MATTER OF LAI

### In Section 212(e) Proceedings

### A-10396981

*Decided by Regional Commissioner April 4, 1969*

Applicant is denied a waiver of the foreign residence requirement of section 212(e), Immigration and Nationality Act, as amended, since the alleged hardships to his minor U.S. citizen child—namely, language difficulty, lesser educational opportunities, and hardship which would result from applicant's alleged inadequate salary in Taiwan—constitute only the usual hardships that may be anticipated rather than the exceptional hardships contemplated by the statute; further, applicant and his family previously resided in Taiwan and there is no showing they underwent hardships; applicant now has a doctorate degree and should command a higher salary; the citizen child, age 3, is not yet ready for school, and she will continue in practically the same home environment as here with her parents and 5 sisters and brothers, who have all lived in Taiwan and are familiar with the Chinese language.

ON BEHALF OF APPLICANT: Eichi Oki, Esquire
          Suite 800
          333 Queen Street
          Honolulu, Hawaii .

This case comes before the Regional Commissioner on appeal from the decision of the District Director, Honolulu who on January 23, 1969 denied the application in that the applicant had not established that compliance with the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, would impose exceptional hardship on his minor United States citizen child.

The applicant is a 46-year-old married male, native and citizen of China, who was last admitted as an exchange visitor under section 101(a)(15)(J), of the Immigration and Nationality Act, as amended, on August 2, 1965, and received extensions of stay in that status to July 1, 1968. He was sponsored by Michigan State University under Program P.I. 655 as a research instructor to do experimental research and to pursue a doctorate degree. He received a yearly stipend of $5,200 paid from the university experi-

188

ment station funds. He received his Ph.D. in soil science from the university on September 1, 1967, and has, since graduating, been employed as an Associate Agronomist by the Hawaiian Sugar Planters' Association in Honolulu, Hawaii at an annual salary of $12,000. The applicant had first come to the United States as an exchange "J" student in December 1954, also sponsored by Michigan State University under the same Program, P.I. 655, and received his Master's degree in soil science in the spring of 1956. In December 1956 he returned to Taiwan where he was employed by the Taiwan Sugar Experiment Station until he again returned to the United States as a visiting research scientist in March 1959 under Program P.I. 2628, sponsored by the National Academy of Sciences of the United States of America, and supported by the National Cooperation Administration of the United States Government. He returned to Taiwan in March 1961 and was again employed by the Taiwan Sugar Experimental Station as Head of the Soil and Fertilizers Department, and in charge of the Radio Isotope Laboratory until the time of his last admission to the United States in August 1965. He is the beneficiary of a petition for preference classification under section 203(a) (3) of the Immigration and Nationality Act, as a member of the professions as a soil scientist who was approved on February 3, 1969. He filed the present application for waiver of the foreign residence requirement of section 212(e) of the Act on October 14, 1968.

The applicant's wife, a native and citizen of China, and five children, ranging in age from seven to eighteen years, all natives and citizens of China, were admitted with the applicant on August 2, 1965 in "J-2" status as the wife and dependent children of the applicant. The wife and children reside with the applicant in Honolulu, Hawaii. Satisfactory evidence has been presented showing that the applicant and his wife have one child three years of age born in Michigan, residing with them in Hawaii. The instant application is submitted on the claim that exceptional hardship would be imposed on the United States citizen child if the applicant is required to depart from the United States to comply with the two-year foreign residence requirement of section 212(e) of the Act.

Section 212(e) of the Act provides in part as follows( "That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's

spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest."

The applicant alleges that if he is required to depart from the United States and return to Taiwan, his approximate monthly salary in Taiwan would be the equivalent of from $100 to $125 American money, compared to the $1,000 a month he earns in Hawaii and that such salary would be inadequate to support his family and would result in exceptional hardship to the United States citizen child. Though true there may be a difference in salary, $125 in American money will go a lot further in Taiwan than in Honolulu where expenses are much higher than in Taiwan; furthermore, petitioner, his wife and five children lived in Taiwan prior to coming to the United States in 1965 and there is no showing that they underwent hardships during such prior Taiwan residence. Then too, the applicant now has a doctorate degree and should command a higher salary than he did during his previous employment as an agronomist when he did not have the high academic degree he now has. Taiwan is an enlightened, progressive nation and the applicant with a doctorate degree should be able to support his family without s᠁ jecting them to exceptional hardship.

The applicant also states that his wife and his oldest daughter suffer from allergies and that his second daughter has a "special problem". The "special problem" has not been further defined. No allegation has been made that departure from the United States will aggravate the allergies or that the allergies cannot be adequately treated in Taiwan where the change in environment may even alleviate the conditions. The departure from the United States of the mother and sisters can hardly be considered as imposing a hardship on the United States citizen child much less exceptional hardship.

The applicant also claims that the citizen child would have lesser educational opportunities in Taiwan and would have difficulty in learning the Chinese language. However, the child is only three years old and will not be ready for school for several more years, and is the youngest child of a family of five other children, all born in Taiwan, who have lived in Taiwan and are all familiar with the Chinese language; the United States citizen child will experience very little if any difficulty in adjusting to the mother tongue of the parents and other family members.

190

The statute provides that a waiver on hardship grounds may be granted only if the exchange alien has a United States citizen or lawful resident alien spouse or child and compliance with the foreign residence requirement would impose exceptional hardship upon that spouse or child. Some psychological factors will usually be involved in a move by a United States citizen or lawful permanent resident to a country where the customs, language and mode of living are strange. However, in the instant case the citizen child will continue in practically the same home environment she enjoyed in the United States when her parents and five sisters and brothers returned to their native land where they lived prior to their coming to the United States about three and one-half years ago.

The factors in the case have been carefully considered. From the foregoing it is concluded that the hardships that have been set forth constitute the usual hardships which could be anticipated rather than the exceptional hardship such as contemplated by the statute. The applicant has failed to establish that exceptional hardship would be imposed on the United States Citizen child by his departure from the United States in compliance with section 212 (e) of the Act. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be dismissed.